UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**OLAMBA P. DJONDO,** :
    Plaintiff : Docket No. _____
vs. :
: **COMPLAINT**
:
**CACV OF COLORADO, LLC** : **JURY TRIAL DEMANDED**
and :
**J. A. CAMBECE LAW OFFICE, P.C.**, :
    Defendants :

# INTRODUCTION

1. This action is brought by an individual consumer damaged by defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.

# JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. 1692k(d) and 28 U.S.C. 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) in that defendant CACV transactions business here, defendant Cambece is domiciled and transacts business here, and the conduct complained of occurred here.

# PARTIES

4. Plaintiff, Olamba P. Djondo, is an adult individual who at all relevant times resided in Charlotte, North Carolina.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3).

6. Defendant CACV of Colorado, LLC ("CACV"), is a limited liability company established in Colorado with principal place of business in Denver, Colorado. At all

relevant times defendant CACV was a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

7. Defendant J. A. Cambece Law Office, P.C. ("Cambece") is a law firm engaged in the practice of collecting consumer debts. It maintains a principal place of business at 8 Bourbon Street, Peabody, Massachusetts 01960.

8. At all relevant times defendant Cambece was a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9. Defendant Cambece acted as the duly authorized agent for CACV in connection with all matters alleged in this complaint.

## FACTUAL ALLEGATIONS

10. Beginning in 1999, plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely a credit card issued by Bank of America.

11. This account was a "debt" as that term is defined by 15 U.S.C. §1692(a)(5).

12. This account went into default with the original creditor in or around February 2003.

13. Sometime after the account went into default it was sold to defendant CACV for purposes of collection.

14. CACV hired or retained Cambece to initiate legal action against Djondo with respect to the debt.

15. Cambece, at all relevant times, did not employ any attorneys licensed to practice in North Carolina.

16. On or about May 18, 2007, CACV, through Cambece, filed a complaint against Djondo in Malden District Court, Middlesex County, Massachusetts, seeking judgment in the amount of $3,189.15.

17. Said complaint alleged that Djondo lived at 102 E. Emerson Street, Melrose, Massachusetts.

18. Defendants prepared and filed this complaint knowing or having reason to know that Djondo did not reside in Melrose, Massachusetts, and had lived in North Carolina for over ten years.

19. Defendants caused process to be served on June 22, 2007, by leaving same at the Melrose address and by mailing to the same address.

20. The address in question was a two-family house owned by the parents of Djondo's former wife, from whom he had been separated since 2001.

21. Defendants obtained a default judgment for $3514.71 on August 8, 2007.

22. On October 26, 2007, CACV, appearing through Cambece, applied for Supplementary Process against Djondo, serving process at the same Melrose address.

23. On or about November 2, 2007, the hearing originally scheduled was rescheduled by the clerk's office and notice of this was mailed to Djondo. On November 13 the notice was returned to court, undeliverable.

24. Nonetheless, CACV, through its attorney, proceeded to hearing on March 14, 2008, and obtained a capias for Djondo when he failed to appear.

25. Djondo first learned of the suit and judgment in December 2009, when his application for a home mortgage loan was denied because the judgment appeared on a credit report.

26. Djondo retained counsel in Massachusetts and proceeded to have the default judgments vacated and the complaint and supplementary process proceedings dismissed.

27. As a result of defendants' actions set forth above, plaintiff suffered financial loss, damage to credit, loss of expectancy, and upset, humiliation, and emotional distress.

## CAUSE OF ACTION:
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. In filing legal action against Djondo in a venue other than the district where Djondo resided or where the contract was signed, the defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a)(2).

30. The foregoing acts and omissions of defendant also constitute numerous other violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692(e)(10), and 1692f.

31. As a result of defendants' violations of the FDCPA, plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**DEMAND FOR RELIEF**

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, for actual damages pursuant to 15 U.S.C. § 1692k(a)(1) ; for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) ; for costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for all other relief to which plaintiffs may appear entitled.

**TRIAL BY JURY**

Plaintiff claims trial by jury.

                                              Respectfully submitted
                                              By his attorney,

                                              */s/ Deborah G. Roher*
                                              Deborah G. Roher, BBO #552047
                                              56 N. Main Street, #413
                                              Fall River, MA  02722
                                              (508) 672-1383
                                              droher@massattorneys.net

June 3, 2010